UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**GABRIEL LIZANA,**                                                                  **PETITIONER**

**VS.**                                                      **No. 3:10-CV-307-CWR-FKB**

**UNITED STATES COPYRIGHT**
**AND STATE OF MISSISSIPPI**                                   **DEFENDANTS**

**ORDER**

On May 25, 2010, proceeding *pro se*,[1] Petitioner Gabriel Lizana, filed the instant action against "United States Copyright and State of Mississippi" ("Defendants") requesting copyright protection. (Doc. 1 at 1.) Particularly, Lizana's Complaint has this heading: "Petitioner's Petition for an Order to Copyright the Petitioner Under Federal Law." In the petition, he specifically requests relief by way of the following:

1. Not being forced into taking unnecessary pictures without express written consent;
2. Copyrighted into non-existence by the state and world;
3. Copyrighted by changing my name from Gabriel Marcus Lizana to Cortez Tito Gonzalez (C.T.);
4. Copyrighted by full-body identity change by being given Growth-Spurt to increase my height from 5'7 ½ " to 6'4 ½";
5. Copyrighted by given a Hispanic identity with new hand and feet prints by laser scan and a Michael Jackson style skin make-over;
6. Copyrighted by forfeiture of SSN, Social Security benefits and Social Security Card;
7. Have felony conviction removed from my record with notification to the HCSD (Harrison County Sheriff (Department) to send out notifications specifying that I no longer exist in the state and world and that I AM NOT A SEX OFFENDER; and
8. Copyrighted by forfeiture from any and all disability benefits both state and federal;

---

[1] Pursuant to 28 U.S.C. § 1915(a)(1), the Court allowed Plaintiff to proceed *in forma pauperis*.

      9.      Copyrighted by Hispanic accent with vocal-cord surgery for strong Hispanic/Tenor voice; and

    10.     Copyrighted by forfeiture of state citizenship...will forfeit the right to bring a lawsuit to any court against the state for false imprisonment due to having his felon conviction removed from his record.

*Id.* at 1-2.[2]

The State of Mississippi has moved to dismiss this action. [Docket No. 7], at 2. Plaintiff has filed a response, and in that response he requests a transfer of this case to a lower court, leave to amend, dismissal of his memorandum obligation, and denial of the defendant's motion on the basis of failure to answer. [Docket No. 11], at 1-3.

## I. MOTION TO DISMISS

The State of Mississippi moves to dismiss Plaintiff's claims under Fed.R.Civ.P. 12(b)(6) on grounds that he has failed to state a claim against it upon which relief can be granted. [Docket No. 7], at 1-4.

### A. Legal Standard

Motions made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure test the legal viability of a complaint. A court reviewing such a motion must afford "the assumption that all of the complaint's allegations are true," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), and determine whether the averments comprise a "plausible" right to recovery. *Id.* According to Rule 12(b)(6), a defendant is entitled to judgment as a matter of law if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "[A] motion to dismiss under Rule 12(b)(6) serves the same function as a common law demurrer, i.e., it is used to challenge the

---

[2]Section VI of the Civil Cover Sheet, which Lizana completed when filing this lawsuit, allows a plaintiff to describe the primary cause of action in his Complaint and give a brief description of the case. Lizana gives this brief description of his case: "Copyrighting the Petitioner." [Docket No. 1-2].

legal sufficiency of the complaint." *Prepmore Apparel, Inc. v. Amalgamated Clothing Workers of Am.*, 431 F.2d 1004, 1006 (5th Cir. 1970) (citations and quotations omitted). Such a motion should be granted only if the complaint fails to illustrate a set of factual allegations under which no plausible right of relief exists. *Twombly*, 550 U.S. at 570 (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face.").

Under the pleading requirements discussed in *Twombly*, 550 U.S. 544, and *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937 (2009), "the pleading standard . . . does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombley,* 550 U.S. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). "'[W]hen the allegations in a complaint, however, true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money to the parties and the court.'" *Ivy v. U.S. Dept. of Agriculture (FSA)*, 2010 WL 2559885, *3 (N.D. Miss. 2010)(citations omitted).

While "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers," *see*, *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981), a *pro se* litigant must still establish that jurisdiction in this court is proper. *Ivy*, 2010 WL 2559885, at *1. *See also, Murphy v. Canfield*, 2007 WL 2071818, *3 (W.D. La. 2007), *citing Martin v. United States Post Office*, 752

F.Supp. 213, 218 (N.D. Tex. 1990)(pro se plaintiff bears burden to plead specific facts and proper jurisdiction pursuant to Fed.R.Civ.P.8). Additionally, a *pro se* litigant is not excused from the requirement that he set forth facts giving rise to a claim on which relief may be granted. *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir.), *cert. denied*, 488 U.S. 984, 109 S.Ct. 536, 102 L.Ed.2d 567 (1988). And the *pro se* litigant's "pleadings, conclusory allegations or legal conclusions dressed as factual conclusions will not circumvent a motion to dismiss." *Ivy*, 2010 WL 2559885, at *4, *citing*, *Madis v. Edwards*, 347 F.App'x 106, 107 (5th Cir. 2009). Moreover, when considering a motion to dismiss, the court is not permitted to consider unpled facts. *McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983).

1. **COPYRIGHT**

Defendant contends that Plaintiff's claim must be dismissed because Plaintiff fails to state a claim upon which relief can be granted. (Doc. 7 at 2). Specifically, Defendant argues that Petitioner's request to be copyrighted is impossible, and that the State of Mississippi has no authority, power or jurisdiction to copyright Lizana. The Court agrees.

2. **EXPUNGEMENT**

The Court and the State of Mississippi, in reading Lizana's Complaint in its broadest terms, believe that Lizana is requesting that his conviction be expunged.[3] Lizana has not revealed the alleged felony of which he has been convicted; how that conviction was obtained; in which court he was convicted; or when that conviction may have occurred. To the extent he has been convicted of a certain crime in a Mississippi state court, and he seeks the conviction removed from his record,

---

[3]It is apparent that Plaintiff indeed is seeking an expungement. He filed a Motion to Transfer to Lower Court [Docket No. 15], which the Magistrate Judge denied. [Docket No. 16]. In that motion, he made the following plea: "I am also request[sic] this case be transferred to the lower court so that I can get this conviction off my record and become a productive citizen of society." [Docket No. 15], at ¶ III.

he must turn to the state court(s) in Mississippi. *See, e.g.*, Miss. Code Ann. § 99-15-26 (providing avenue for expunction of certain felony convictions); and Miss. Code Ann. § 99-15-57 (providing for relief for certain persons who pled guilty within six months prior to the effective date of section 99-15-26). Jurisdiction for such requests is vested with the Mississippi state courts; not this court.

### 3.  **Opportunity to Amend**

Courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order, *see*, *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. 2001), or when a *pro se* plaintiff seeks to amend his complaint in response to a recommended dismissal. See *Swanson v. Aegis Commc'ns Group, Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); and *Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. 2008). Dismissal with prejudice, however, is appropriate if a court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

The Court finds that plaintiff indeed has alleged his best case. Based on the relief he is requesting no amended complaint could cure this petition. Therefore, his Complaint will be dismissed with prejudice. *Barzrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See also, Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999)(dismissal with prejudice proper where court could perceive no viable claims which could be cured by amended petition).

## II.  CONCLUSION

Accordingly, IT IS ORDERED that Defendant State of Mississippi's Motion to Dismiss is GRANTED.  The Complaint is dismissed with prejudice as frivolous for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on this 15th day of August, 2011.

s/Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE